UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 08-12-GFVT

UNITED STATES OF AMERICA,                                                                PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S REPORT
                              AND RECOMMENDATION**

DAVID A. WARD,                                                                              DEFENDANT.

This matter has been referred to the undersigned to conduct a rearraignment of Defendant David A. Ward. [R. 65]. On February 11, 2009, he appeared before the Court for proceedings under Rule 11. Through counsel, he advised that he wished to plead guilty to Count 1 of the indictment, Conspiracy to Distribute Heroin. [R. 1]. Subsequently, the Court addressed the Defendant in open court, and covered all matters required by Rule 11. For the reasons set forth herein, it is recommended that his guilty plea be accepted.

## II. ANALYSIS

As a preliminary matter, the Court advised the Defendant of his right to remain silent, and that he would waive this right by choosing to testify. He was instructed that he must testify truthfully, and would be subject to prosecution for perjury if he failed to do so. The Defendant stated that he wished to proceed, and was placed under oath.

### A. COMPETENCY OF THE DEFENDANT

The Defendant has an eleventh-grade education, and completed his G.E.D. He can read and write English.

The Defendant testified that he is not currently under the care of a physician or psychiatrist,

has never been treated or hospitalized for any kind of mental illness or addiction to drugs or alcohol, nor is under the influence of any drugs or alcohol. He advised that he has not experienced any difficulty in speaking with and understanding his attorney, and understands the nature of the proceedings. Defense Counsel confirmed that he believes Ward understands the nature of the charges, and is not impaired in any way. Based upon the Defendant's responses and the representations of counsel, the Court finds that Ward is competent to plead guilty.

### B. VOLUNTARINESS

According to the Defendant, no one has promised him anything to induce him to plead guilty, nor told him that he would receive a specific sentence in exchange for doing so. He further advised that no one has threatened or coerced him into pleading guilty.

### C. LOSS OF TRIAL AND ACCOMPANYING RIGHTS

The Court advised the Defendant that, by pleading guilty, he will lose certain rights, including: (1) the right to a speedy public trial by jury (2) the right to assistance of counsel, including the right to have the Court appoint counsel if he cannot afford one, (3) the right to see, hear, and cross-examine all of the witness, (4) the right to compel witnesses to attend the trial and testify, and (5) the right to remain silent. The Court advised him that he could plead not-guilty and proceed to trial, where he would be presumed innocent of the charges and the United States would be required to prove his guilt beyond a reasonable doubt.

Finally, the Court informed Ward that there will be no trial and he will lose the aforementioned rights if his guilty plea is accepted. Ward testified that he is aware of the rights he will lose by pleading guilty, but nonetheless wishes to so plead.

### D. STATUTORY PENALTIES

The Court advised the Defendant that the maximum penalty for Conspiracy to Distribute Heroin is imprisonment of not more than twenty (20) years, supervised release of not more than three (3) years, and a fine of not more than $1,000,000. Ward was informed that pursuant to 18 U.S.C. § 3584, the Court has discretion to impose his sentence to run concurrently or consecutively to the undischarged judgment. The Court further advised that following the completion of any sentence, Ward will likely be placed on supervised release, where any violation of probation will subject him to a term of imprisonment. Finally, the Court informed Ward of the mandatory special assessment fee of $100 per count. The Defendant testified that he understands the maximum penalties to which he will be subject upon acceptance of his guilty plea.

### E.  SENTENCING GUIDELINES

The Defendant testified that he understands that the United States Sentencing Guidelines are not binding on district courts in imposing sentences, but are one factor which must be considered, along with other factors set forth in 18 U.S.C. § 3553(a). The Court informed him that the guidelines will be calculated based on two primary elements: the level of the charged offense, and his criminal history. He was informed that a pre-sentence report ["PSR"] will be prepared by the probation office to determine these factors and, after it is prepared, both sides will have the opportunity to review it and file any objections. The Court advised Ward that if any factual statements in the report are disputed, it will be necessary for the Court to resolve those facts, which may affect the guideline range. The Defendant testified that he understands it is impossible to know what the guideline range will be until the PSR is completed.

Finally, the Court informed Ward that United States District Judge Gregory F. Van

3

Tatenhove may impose a more severe sentence than that recommended by the sentencing guidelines, in which event Ward will be unable to withdraw his guilty plea.

### F.  FACTUAL BASIS OF THE PLEA

Near the close of the proceedings, the United States Attorney read aloud the elements of Count I of the indictment.  Subsequently, the Court instructed Ward to state in his own words what he did that makes him guilty of Conspiracy to Distribute Heroin.  Ward testified that while incarcerated at United States Penitentiary Big Sandy, he knowingly participated in a conspiracy to allow "another person" (fellow inmate Personne McGhee) to ship packages of drugs to Ward's girlfriend.  The drugs were to be distributed later to "his people" (McGhee's).

Following Ward's testimony, the United States Attorney read aloud the factual basis of the charged offense.  Ward disagreed with the factual recitation in the following respects: he contended that he withdrew from the conspiracy in February of 2006, and that he was aware of only one package. Otherwise, Ward testified that the government's factual recitation was accurate.  He further testified that the United States could prove him guilty of, and that he was in fact guilty of, Conspiracy to Distribute Heroin.  Based upon the responses of the Defendant, the Court finds that his guilty plea is supported by an independent basis in fact containing the essential elements of the offense charged.

### V.  CONCLUSION

For the foregoing reasons, the Court finds that the Defendant's plea is knowing, voluntary, and supported by an independent basis in fact containing the essential elements of the offense charged.  Accordingly, the undersigned hereby recommends that his plea of guilty to Count I of the indictment, Conspiracy to Distribute Heroin [R. 1], be ACCEPTED.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b).

Signed February 13, 2009.

Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**