UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Criminal Action No. 08-12-GFVT-CJS-2 |
| | ) and |
| v. | ) Civil Action No. 12-7237-GFVT-CJS |
| DAVID A. WARD, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant. | ) |

\* \* \* \* \* \* \* \* \* \* \*

David A. Ward, *pro se*, moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (R. 136 (amended § 2255 motion)). The United States has responded (R. 146), and the time for Ward to reply has passed (*see* R. 148). Accordingly, the matter is ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it will be **recommended** that Ward's amended § 2255 motion be **denied**.

I.      PROCEDURAL BACKGROUND

Ward pled guilty, without a plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846.[1] (R. 84; R. 95, Page ID 299). After determining that Ward was a career offender under the United States Sentencing Guidelines (U.S.S.G.), *see* U.S.S.G. § 4B1.1, the presiding district judge sentenced him to a below-guidelines sentence of 75 months in prison, to be followed by three years of supervised release. (R. 84; R. 95, Page ID 332-33). On appeal, the sentence was affirmed. *United States v. Ward*, 436 F. App'x 601, 601 (6th Cir. 2011).

---

[1] The full procedural background and factual history of this case is contained in the Report and Recommendation denying Ward's initial § 2255 motion. (R. 121).

Ward filed an initial § 2255 motion, arguing that his trial counsel was ineffective for failing to challenge his career-offender designation and that his appellate counsel was ineffective for failing to raise the issue on appeal. (R. 109, Page ID 446-49). The undersigned recommended that Ward's motion be denied on the merits and that a certificate of appealability (COA) not issue. (R. 121). The district judge adopted the Report and Recommendation over Ward's objections. (R. 128 and R. 129; *see* R. 122 and R. 123).

Ward filed a notice of appeal (R. 131), which the Sixth Circuit Court of Appeals construed as a request for a COA, *Ward v. United States*, No. 15-6088 (6th Cir. Aug. 22, 2016) (available at R. 139). The Sixth Circuit declined to issue a COA but remanded the case to consider Ward's motion to amend his § 2255 motion, which Ward had filed during the pendency of his COA proceedings before the Sixth Circuit. (R. 139, Page ID 630; R. 136). The district judge referred the motion to amend to the undersigned, and the motion was granted. (R. 140; R. 141). *See Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) ("A motion to amend is not a second or successive § 2255 motion when it is filed before the adjudication of the initial § 2255 motion is complete—i.e., before the petitioner has lost on the merits and exhausted her appellate remedies.").

In his amended § 2255 motion, Ward argues that one of the predicate offenses supporting his career-offender designation, an Indiana burglary conviction, is no longer a "crime of violence" under the residual clause definition in U.S.S.G. § 4B1.2(a)(2) (2009) in light of *United States v. Johnson*, 165 S. Ct. 2551 (2015). (R. 136-1, Page ID 613-15; R. 87, PSR p. 11 (sealed)). The government argues that Ward's burglary conviction qualifies as a "crime of violence" under the so-called enumerated-offenses clause, which at the time Ward was sentenced, defined "crime of violence" to include "burglary of a dwelling." U.S.S.G. § 4B1.2(a) (2009); *see United States v. Yates*, 866 F.3d 723, 727 (6th Cir. 2017); (R. 147).

2

## II.    ANALYSIS

In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be unconstitutionally vague. 135 S. Ct. at 2560-63. At the time Ward was sentenced, U.S.S.G. § 4B1.2(a) (2009) contained an identically-worded residual clause. U.S.S.G. § 4B1.2(a) (2009) (defining "crime of violence" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another"). Accordingly, Ward reasons that this residual clause is likewise unconstitutionally vague. (*See* R. 136-1, Page ID 613-15). However, although the residual clauses are the same, the constitutional implications are not.

This is revealed by Supreme Court authority arising after the parties briefed this matter. In *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), the Supreme Court held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Accordingly, even if Ward's Indiana burglary conviction were categorized as a "crime of violence" under the residual clause, it is not impacted by *Johnson*. For this reason, Ward's amended § 2255 motion should be denied.

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, the district court must issue or deny a COA when it enters a final order adverse to the applicant. A COA may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a COA in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to § 2255 motions). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must

3

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Ward's amended § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a COA be **denied** upon entry of the final order in this matter.

IV.     **CONCLUSION AND RECOMMENDATION**

For the reasons stated above, **IT IS RECOMMENDED** that:

1)      Ward's amended § 2255 motion (R. 136) be **denied**;

2)      a COA be **denied** in conjunction with the Court's entry of the final order in this matter;

3)      Judgment in favor of the United States be entered contemporaneously with entry of the final order; and,

4)      this action be stricken from the active docket of the Court.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the

District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 29th day of July, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\habeas petitions\2255 R&R general\8-12-GFVT Ward R&R final.docx