UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Crim No.: 7:08-cr-00012-GFVT-CJS |
| | ) | Civil No.: 7:12-cv-07237-GFVT-CJS |
| V. | ) | |
| | ) | **ORDER** |
| DAVID A. WARD, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Candace J. Smith. The Defendant, David A. Ward, filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [R. 136.] Consistent with local practice, Judge Smith reviewed the motion and prepared a Recommended Disposition. [R. 149.]

After considering the record, Judge Smith determined that Mr. Ward is not entitled to relief under 28 U.S.C. § 2255. This is Mr. Ward's second § 2255 petition, the first of which was denied in May 2013. [R. 121.] In 2015, the Supreme Court decided *United States v. Johnson*, which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. 135 S. Ct. 2551, 2560-63 (2015). Mr. Ward argues that this means sentencing guideline § 4B1.2(a), which contains language identical to the defunct residual clause and under which Mr. Ward was sentenced, is likewise unconstitutionally vague. However, the Supreme Court held in *Beckles* that "the advisory sentencing guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886, 895 (2017). Judge Smith also recommended this Court deny a certificate of appealability. In light of the clear holding in *Beckles*, no reasonable jurist would find it debatable whether Mr. Ward's petition states a valid

claim for the denial of a constitutional right.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). No objections to the Report and Recommendation have been filed, and the time to do so has now expired. Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Ward's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. Magistrate Judge Candace J. Smith's Report and Recommendation [**R. 149**] as to Defendant David A. Ward is **ADOPTED** and for the Opinion of the Court;

2. Mr. Ward's Petition for habeas corpus relief pursuant to § 2255 [**R. 136**] is **DENIED**;

3. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

4. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 14th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge